JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
James Porter & Marilynn Sankowski

**DEFENDANTS**
City of Phila., B. Deeley, D. Stewart, E. Chew, W. Bengochea, G. Busillo, J. McCarrie, A. Brown & P. Washington

**(b)** County of Residence of First Listed Plaintiff  Hot Springs, AR
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brian J. Zeiger, Esq., 123 S. Broad St., Ste 1200, Phila., PA 19109
215-825-5183

Attorneys *(If Known)*
Anne B. Taylor

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government Plaintiff

☒ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                        *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 U.S.C. Sec. 1983

Brief description of cause:
Civil Rights Violation under 42 U.S.C. Sec 1983

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   4/15/2013

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

James Porter
121 Knollwood Lodge Rd
Hot Springs, AR  71913
     and
Marilynn Sankowski
13 S. Four Season Road
West Palm Beach, FL  33410
         Plaintiffs
        V.
City of Philadelphia
1515 Arch St., 14th Floor
Philadelphia, PA  19102
     and
Barbara Deeley, individually and in her
official capacity as the Sheriff of the City
& County of Phila.
c/o City of Philadelphia
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
     and
Daryll Stewart, individually and in his
official capacity in the City and &
County of Philadelphia
c/o City of Philadelphia
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
     and
Ed Chew, individually and in his official
Capacity as counsel for the City &
County of Philadelphia
c/o City of Philadelphia
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
     and
William Bengochea, individually
and in His official capacity as a Sheriff
in the City and County of Phila.
c/o City of Philadelphia
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
     and
Guerino Busillo, individually and in his
official capacity as a Sheriff in the City
& County of Phila.
c/o City of Philadelphia
1515 Arch St., 14th Floor
Philadelphia, PA  19102
     and

Civil Action

NO: _____

Formerly

Court of Common Pleas
Philadelphia County
Trial Division – Civil
December Term 2012
No. 003214

James McCarrie, individually and in his
official capacity as a Sheriff in the City &
County of Philadelphia
c/o City of Philadelphia
1515 Arch St., 14th Floor
Phila., PA  19102
     and
Angellinel  Brown, individually and in her
official capacity as a Sheriff in the City &
County of Phila.
c/o City of Philadelphia
1515 Arch St., 14th Floor
Phila., PA  19102
     and
Paris Washington, individually and in her
official capacity as a Sheriff in the City &
County of Phila.
c/o City of Philadelphia
1515 Arch St., 14th Floor
Philadelphia, PA  19102
          Defendants

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

      Pursuant to 28 U.S.C. § 1441, defendants, City of Philadelphia, Barbara Deeley, Daryll Stewart, Ed Chew, William Bengochea, Guerino Busillo, James McCarrie, Angelinel Brown, and Paris Washington (hereinafter "petitioners") through their counsel, Anne  B. Taylor, Assistant City Solicitor, respectfully petition for the removal of this action to the United States District Court for the Eastern District of Pennsylvania.  In support thereof, defendants state the following:

    1.    In December 2012, plaintiff initiated this action by a Complaint in the Court of Common Pleas in Philadelphia, December 2012, No. 003214.  (Exhibit A - Complaint).

    2.    On March 21, 2013, said Complaint was served on Petitioners at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

    3.    Plaintiff alleges that on January 4, 2011, they sustained damages when their civil rights were violated by the defendants. (Exhibit A ).

    4.    This action may be removed to this Court pursuant to 28 U.S.C. § 1441 since Plaintiff's Complaint contains allegations of violations of the plaintiff's Federal Civil Rights and

seeks relief under 42 U.S.C. § 1983.  (Exhibit A)

**Wherefore,** petitioners, City of Philadelphia, Barbara Deeley, Daryll Stewart, Ed Chew, William Bengochea, Guerino Busillo, James McCarrie, Angelinel Brown, and Paris Washington, respectfully request that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Craig Straw
Chief Deputy City Solicitor

**ANNE B. TAYLOR**
**Assistant City Solicitor**
**Attorney I.D. No. 206057**
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5447

Date: 4/15/2013

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| James Porter<br>121 Knollwood Lodge Rd<br>Hot Springs, AR  71913<br>  and<br>Marilynn Sankowski<br>13 S. Four Season Road<br>West Palm Beach, FL  33410<br>    Plaintiffs<br>   V.<br>City of Philadelphia<br>1515 Arch St., 14th Floor<br>Philadelphia, PA  19102<br>  and<br>Barbara Deeley, individually and in her<br>official capacity as the Sheriff of the City<br>& County of Phila.<br>c/o City of Philadelphia<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA  19102<br>  and<br>Daryll Stewart, individually and in his<br>official capacity in the City and &<br>County of Philadelphia<br>c/o City of Philadelphia<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA  19102<br>  and<br>Ed Chew, individually and in his official<br>Capacity as counsel for the City &<br>County of Philadelphia<br>c/o City of Philadelphia<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA  19102<br>  and<br>William Bengochea, individually<br>and in His official capacity as a Sheriff<br>in the City and County of Phila.<br>c/o City of Philadelphia<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA  19102<br>  and<br>Guerino Busillo, individually and in his<br>official capacity as a Sheriff in the City<br>& County of Phila.<br>c/o City of Philadelphia<br>1515 Arch St., 14th Floor<br>Philadelphia, PA  19102<br>  and | Civil Action<br><br>NO: _____<br><br><br><br><br><br><br><br><br><br><br>Formerly<br><br>Court of Common Pleas<br>Philadelphia County<br>Trial Division – Civil<br>December Term 2012<br>No. 003214 |

James McCarrie, individually and in his
official capacity as a Sheriff in the City &
County of Philadelphia
c/o City of Philadelphia
1515 Arch St., 14th Floor
Phila., PA  19102
     and
Angellinel  Brown, individually and in her
official capacity as a Sheriff in the City &
County of Phila.
c/o City of Philadelphia
1515 Arch St., 14th Floor
Phila., PA  19102
     and
Paris Washington, individually and in her
official capacity as a Sheriff in the City &
County of Phila.
c/o City of Philadelphia
1515 Arch St., 14th Floor
Philadelphia, PA  19102
               Defendants

## NOTICE OF FILING OF REMOVAL

TO:    Brian J. Zeiger, Esquire
       123 South Broad St., Suite 1200
       Philadelphia, PA  19109

       PLEASE TAKE NOTICE THAT on    April 16, 2013, defendants, City of Philadelphia, Barbara Deeley, Daryll Stewart, Ed Chew, William Bengochea, Guerino Busillo, James McCarrie, Angelinel Brown, and Paris Washington,  filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania a verified Notice of Removal.

       A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

                           *Anne Taylor/cp*

                        **ANNE B. TAYLOR**
                        **Assistant City Solicitor**
                        **Attorney I.D. No. 206057**
                        City of Philadelphia Law Department
                        1515 Arch Street, 14th Floor
                        Philadelphia, PA  19102
                        215-683-5447

# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

James Porter
121 Knollwood Lodge Rd
Hot Springs, AR  71913
      and
Marilynn Sankowski
13 S. Four Season Road
West Palm Beach, FL  33410
           Plaintiffs
           V.

City of Philadelphia
1515 Arch St., 14th Floor
Philadelphia, PA  19102
      and
Barbara Deeley, individually and in her
official capacity as the Sheriff of the City
& County of Phila.
c/o City of Philadelphia
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
      and
Daryll Stewart, individually and in his
official capacity in the City and &
County of Philadelphia
c/o City of Philadelphia
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
      and
Ed Chew, individually and in his official
Capacity as counsel for the City &
County of Philadelphia
c/o City of Philadelphia
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
      and
William Bengochea, individually
and in His official capacity as a Sheriff
in the City and County of Phila.
c/o City of Philadelphia
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
      and
Guerino Busillo, individually and in his
official capacity as a Sheriff in the City
& County of Phila.
c/o City of Philadelphia
1515 Arch St., 14th Floor
Philadelphia, PA  19102
       and

Civil Action

NO: _____

Formerly

Court of Common Pleas
Philadelphia County
Trial Division – Civil
December Term 2012
No. 003214

James McCarrie, individually and in his
official capacity as a Sheriff in the City &
County of Philadelphia
c/o City of Philadelphia
1515 Arch St., 14th Floor
Phila., PA  19102
     and
Angellinel  Brown, individually and in her
official capacity as a Sheriff in the City &
County of Phila.
c/o City of Philadelphia
1515 Arch St., 14th Floor
Phila., PA  19102
     and
Paris Washington, individually and in her
official capacity as a Sheriff in the City &
County of Phila.
c/o City of Philadelphia
1515 Arch St., 14th Floor
Philadelphia, PA  19102
             Defendants

## <u>CERTIFICATE OF SERVICE</u>

I, Anne B. Taylor, Assistant City Solicitor do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the following by First Class Mail, postpaid, on the date indicated below:

TO:   Brian J. Zeiger, LLP
       123 South Broad St., Suite 1200
       Philadelphia, PA  19109

**Anne B. Taylor**
**Assistant City Solicitor**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5447

Date:  4/15/2013

Exhibit "A"

56910

LEVIN & ZEIGER, LLP
BY BRIAN J. ZEIGER, ESQUIRE
IDENTIFICATION NO.: 87063
123 SOUTH BROAD STREET
SUITE 1200
PHILADELPHIA, PENNSYLVANIA 19109
215.825.5183

ATTORNEY FOR PLAINTIFFS



Filed and Attested by
PROTHONOTARY
21 MAR 2013 02:58 pm
E. NASCUILLI

---

JAMES PORTER
121 Knollwood Lodge Rd.
Hot Springs, AR 71913; and

MARILYNN SANKOWSKI
13 S. Four Season Road
West Palm Beach, FL 33410;

                    *Plaintiffs,*

         v.

CITY OF PHILADELPHIA
1515 Arch Street, 16th Floor OK
Philadelphia, PA 19103, and

BARBARA DEELEY, individually and
in His Official Capacity as
the Sheriff of the City and County
of Philadelphia
c/o City of Philadelphia
1515 Arch Street, 16th Floor
Philadelphia, PA 19103, and

DARYLL STEWART, individually and
in His Official Capacity
in the City and County of
Philadelphia
c/o City of Philadelphia
1515 Arch Street, 16th Floor
Philadelphia, PA 19103, and

ED CHEW, individually and in his
official capacity as counsel for
the City and County of
Philadelphia
c/o City of Philadelphia

DECEMBER TERM, 2012

No. 3214

1515 Arch Street, 16th Floor
Philadelphia, PA 19103, and        :

WILLIAM BENGOCHEA, individually    :
and in His Official Capacity as a
Sheriff in the City and County of   :
Philadelphia
c/o City of Philadelphia           :
1515 Arch Street, 16th Floor   OK
Philadelphia, PA 19103, and        :

GUERINO BUSILLO, individually and   :
in His Official Capacity as a
Sheriff in the City and County of   :
Philadelphia
c/o City of Philadelphia           :
1515 Arch Street, 16th Floor    OK
Philadelphia, PA 19103, and        :

JAMES MCCARRIE, individually and    :
in His Official Capacity as a
Sheriff in the City and County of   :
Philadelphia
c/o City of Philadelphia           :
1515 Arch Street, 16th Floor   OK
Philadelphia, PA 19103, and        :

ANGELLINEL BROWN, individually     :
and in Their Official Capacity as
a Sheriff
in the City and County of          :
Philadelphia
c/o City of Philadelphia      OK   :
1515 Arch Street, 16th Floor
Philadelphia, PA 19103, and        :

PARIS WASHINGTON, individually and :
in Their Official Capacity as a
Sheriff in the City and County of   :
Philadelphia
c/o City of Philadelphia           :
1515 Arch Street, 16th Floor    OK
Philadelphia, PA 19103,          :

         *Defendants.*        :

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION

Lawyer Referral and Information Service

1101 Market Street, 11th Floor

Philadelphia, Pennsylvania 19107

(215) 238-1701

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATA-MENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACIÓN DE LICENCIADOS DE FILADELFIA

Servicio De Referencia E Información Legal

1101 Market Street, 11th Floor

Filadelfia, Pennsylvania 19107

(215) 238-1701

Case ID: 121203214

LEVIN & ZEIGER, LLP                          ATTORNEY FOR PLAINTIFFS
BY BRIAN J. ZEIGER, ESQUIRE
IDENTIFICATION NO.: 87063
123 SOUTH BROAD STREET
SUITE 1200
PHILADELPHIA, PENNSYLVANIA 19109
215.825.5183

---

JAMES PORTER                          :
121 Knollwood Lodge Rd.               :
Hot Springs, AR 71913; and            :     DECEMBER TERM, 2012
                                      :
MARILYNN SANKOWSKI                    :     No. 3214
13 S. Four Season Road                :
West Palm Beach, FL 33410;            :
                                      :
                                      :
              *Plaintiffs,*           :
                                      :
          vi.                         :
                                      :
CITY OF PHILADELPHIA                  :
1515 Arch Street, 16th Floor          :
Philadelphia, PA 19103, and           :
                                      :
BARBARA DEELEY, individually and      :
in His Official Capacity as           :
the Sheriff of the City and County    :
of Philadelphia                       :
c/o City of Philadelphia              :
1515 Arch Street, 16th Floor          :
Philadelphia, PA 19103, and           :
                                      :
DARYLL STEWART, individually and      :
in His Official Capacity              :
in the City and County of             :
Philadelphia                          :
c/o City of Philadelphia              :
1515 Arch Street, 16th Floor          :
Philadelphia, PA 19103, and           :
                                      :
ED CHEW, individually and in his      :
official capacity as counsel for      :
the City and County of                :
Philadelphia                          :
c/o City of Philadelphia              :

```
1515 Arch Street, 16th Floor          :
Philadelphia, PA 19103, and           :
                                      :
WILLIAM BENGOCHEA, individually       :
and in His Official Capacity as a     :
Sheriff in the City and County of     :
Philadelphia                          :
c/o City of Philadelphia              :
1515 Arch Street, 16th Floor          :
Philadelphia, PA 19103, and           :
                                      :
GUERINO BUSILLO, individually and     :
in His Official Capacity as a         :
Sheriff in the City and County of     :
Philadelphia                          :
c/o City of Philadelphia              :
1515 Arch Street, 16th Floor          :
Philadelphia, PA 19103, and           :
                                      :
JAMES MCCARRIE, individually and      :
in His Official Capacity as a         :
Sheriff in the City and County of     :
Philadelphia                          :
c/o City of Philadelphia              :
1515 Arch Street, 16th Floor          :
Philadelphia, PA 19103, and           :
                                      :
ANGELLINEL BROWN, individually        :
and in Their Official Capacity as     :
a Sheriff                             :
in the City and County of             :
Philadelphia                          :
c/o City of Philadelphia              :
1515 Arch Street, 16th Floor          :
Philadelphia, PA 19103, and           :
                                      :
PARIS WASHINGTON, individually and    :
in Their Official Capacity as a       :
Sheriff in the City and County of     :
Philadelphia                          :
c/o City of Philadelphia              :
1515 Arch Street, 16th Floor          :
Philadelphia, PA 19103,               :
                                      :
              Defendants.             :
```

<u>CIVIL ACTION COMPLAINT</u>

Plaintiff, by and through his attorney Brian J. Zeiger, Esq., hereby alleges the following:

<u>PARTIES</u>

1.   At all times relevant hereto the Plaintiff James Porter is an adult individual who is a resident of Arkansas.

2.   At all times relevant hereto the Plaintiff Marilynn Sankowski is an adult individual who is a resident of Florida.

3.   At all times relevant hereto the Defendant City of Philadelphia, is a municipal government agency organized under the laws of the Commonwealth of Pennsylvania with a principal and central office of business located at 1515 Arch Street, 16th Floor, Philadelphia, PA 19103.

4.   At all times relevant hereto, Defendants Barbara Deeley (hereinafter "Deeley"), Daryll Stewart, Ed Chew, William Bengochea, Guerino Busillo, James Mccarrie, Angellinel Brown, Paris Washington are believed to be adult citizens, being sued in their official and individual capacities with principal and central office of business located at 1515 Arch Street, 16th Floor, Philadelphia, PA 19103.

5.   At all times material hereto, the Defendant City of Philadelphia acted through its agents, servants, council members, workmen and/or employees, specifically the City's

Sheriff's Department in the furtherance of its legislative mandate.

6.   At all times material hereto, the sheriffs in question acted under color of law and within the course and scope of their employment, pursuant to their customs, policies, practices, ordinances, regulations, directives specifically for and of the City of Philadelphia, Sheriff's Department in the furtherance of its legislative mandate.

## FACTUAL BACKGROUND

7.   On or about January 4, 2011, Plaintiffs were lawfully present at or near 3801 Market Street, Philadelphia, PA at or about 8:30 a.m.

8.   Plaintiffs were at 3801 Market Street, Philadelphia, PA, due to a sheriff's sale of real property.

9.   Plaintiff Porter's family had a legal interest in a property that was being put up for sale.

10.   When the sale of Plaintiff Porter's property began, Plaintiff Porter, stood to announce the title of said property was not clear.

11.   Plaintiff Porter was exercising his right to speech.

12.   The Defendants attacked Plaintiff Porter.

13.   The Defendants used a stun gun or taser on Plaintiff Porter.

Case ID: 121203214

14.  The Defendants punched, caused positional asphyxiation and hit Plaintiff Porter.

15.  The Defendants falsely arrested Plaintiff Porter.

16.  Defendant Chew attacked Plaintiff Sankowski.

17.  Defendant Chew punched, tackled, and grabbed forceably, man handled, by jerking shoulder of Plaintiff Sankowski.

18.  After the attack, both Plaintiffs required extensive medical treatment.

19.  After Plaintiff Sankowski went to the Philadelphia Police in an attempt to have Defendant Chew arrested the assault.

20.  Defendant Chew was never arrested for the assault due to an attempted cover-up.

21.  The aforementioned acts and conduct of the Defendants and/or the aforementioned conduct their employees and agents were a factual cause of the harm and damages sustained by the Plaintiffs.  In the alternative, the aforementioned acts and conduct of the Defendants and/or the aforementioned conduct of their employees and agents was the direct and proximate cause of the harm and damages sustained by the Plaintiffs.

22.  The aforementioned acts and conduct of the Defendants and the aforementioned conduct of their employees and agents

were a factual cause and the direct and proximate cause of at least the following harm and damages sustained by Plaintiffs:

    A.   Injuries, dysfunctions, impairments, serious impairments of body or bodily functions, pain and trauma to various parts of the body and psyche, some or all of which are permanent including:

- Physical injuries to various parts of the body including the shoulder, back and neck;
- Permanent Neurological Disability;
- Trauma and distress;
- Flashbacks;
- Psychiatric injuries;
- Emotional injuries;
- Pain and suffering;
- Emotional distress;
- Mental anguish and distress;
- Humiliation and embarrassment; and
- Other injuries, the full extent of which is not yet known.

    B.   Loss or reduction of earnings and/or earning capacity and/or household services from the date of the injuries to the date of the trial of this case including the increases in wages or compensation that Plaintiffs would have received had Plaintiffs not sustained the injuries in this occurrence.

    C.   Loss or reduction earnings and earning capacity and/or household services from the date of the trial of this

case until Plaintiffs' death and work life span including the increases in wages or compensation that Plaintiffs would have received had Plaintiffs not sustained the injuries in this occurrence.

D.   Medical expenses of Plaintiffs related to or caused by the occurrence from the date of injury to the date of the trial of this case.

E.   Medical expenses that Plaintiffs will incur after the trial of this case until Plaintiffs' death related to or caused by the occurrence.

F.   Pain and suffering that Plaintiffs has endured from the date of the injury to the date of the trial of this case.

G.   Pain and suffering that Plaintiffs will endure from the date of the injury to the date of Plaintiffs' death.

H.   Embarrassment and humiliation that Plaintiffs have endured from the date of the injury to the date of the trial of this case.

I.   Embarrassment and humiliation that Plaintiffs will endure from the date of the trial of this case to the date of Plaintiffs' death.

J.   Loss of ability to enjoy the pleasures of life that Plaintiffs have endured from the date of the injury to the date of the trial of this case.

K.   Loss of ability to enjoy the pleasures of life that Plaintiffs will endure from the date of the trial of this case to the date of Plaintiffs' death.

L.   Attorney Fees.

M.   Incidental costs.

N.   Property damage.

O.   Loss of liberty.

23.  Defendants' actions were wilful and outrageous in that their motives and conduct as set forth above were malicious, wanton, reckless, oppressive and so egregious as to shock contemporary conscience.

## COUNT I
### VIOLATION OF 42 U.S.C. § 1983
### PLAINTIFFS v. DEFENDANTS

Plaintiffs alleges each and every allegation contained in paragraphs 1 - 23 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

24.  Defendants' actions, were taken under colour of state law, are state actions under 42 U.S.C. sec. 1983, and have deprived Plaintiffs of their rights, privileges and/or immunities secured by the Constitution and laws of the United States including his right to be free from false arrest, false imprisonment and excessive force.

25. Defendants' actions were undertaken as part of the execution of a custom, policy, and/or practice that violated Plaintiffs' civil rights.

26. Defendants' actions have violated, and unless enjoined will continue to violate, Plaintiffs' constitutionally protected rights of freedom of speech and association, substantive and procedural Due Process, and Equal Protection. The Defendants also violated his constitutional rights by using excessive force and arresting him without probable cause under the Fourth and Fourteenth Amendments of the United States Constitution.

27. The Plaintiffs have the right to be secure in his persons, houses, papers and effects, against unreasonable searches and seizures, and this right was violated, as no warrants were issued upon probable cause or supported by Oath or affirmation or particularly describing the place to be searched, and the persons or things to be seized, as protected under the Fourth and Fourteenth Amendments of the United States Constitution.

28. On information and belief, the aforesaid actions of Defendants were taken intentionally, willfully and/or with deliberate indifference to, or reckless disregard for, the rights secured to Plaintiffs. Defendants' actions as stated herein denied his equal protection of the law in violation of the United States Constitution, the Fourth Amendment, the Due

Process Clause, and Substantive Due Process rights of the Fourteenth Amendment, and 42 U.S.C. Section 1983.

29. Defendants' actions as stated herein denied Plaintiffs' right to due process in violation of the United States Constitution, the Fourth Amendment, the Due Process Clause of the Fourteenth Amendment, and 42 U.S.C. Section 1983.

30. Defendants' actions were a factual cause of and/or caused Plaintiff's substantial damages and harm. (See above).

**WHEREFORE**, Plaintiffs demands judgment against Defendants for such sums as would reasonably and properly compensate them for injuries in an amount in excess of Two Million ($2,000,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages (but no punitive damages against Defendant Philadelphia).

<u>COUNT II –</u>
<u>MONELL CLAIM UNDER 42 U.S.C. § 1983</u>
<u>PLAINTIFFS v. DEFENDANT PHILADELPHIA</u>

Plaintiffs alleges each and every allegation contained in paragraphs 1 – 30 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

31. The Plaintiffs believe and therefore aver that Defendant Philadelphia, has adopted and maintained for many years a recognized and accepted policy, custom and/or practice of condoning and/or acquiescing in denying free speech, equal protection of the law, condoning excessive force, false arrest,

and subjecting its citizens to the same type of treatment to which Plaintiff was subjected. Said policies, customs and practices violate the First, Fourth and Fourteenth Amendments of the Constitution of the United States as well as federal statutory law and Pennsylvania law.

32. The Plaintiffs believe and therefore aver that the Defendant Philadelphia, has adopted and maintained for many years, a recognized and accepted policy, custom and/or practice of systematically failing to properly train, investigate, supervise and discipline its employees, including the individual Defendants, regarding individuals' right to free speech, equal protection and to be free from being falsely arrested with excessive force, which policy and/or custom and/or practice violates the First, Fourth and Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

33. Defendant Philadelphia, has been deliberately indifferent to the rights of its citizens to be given free speech, equal protection of the law and not be subject to excessive force, which deliberate indifference violates the Plaintiff's rights under the First, Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

34.  The Plaintiffs believe and therefore aver, that at all material times, Defendant Philadelphia, knew or should have known of the above described policy, custom and practice of the Philadelphia Sheriff's Department, and that its Sheriffs engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiffs, and that they deliberately, knowingly and intentionally failed to take measures to stop or limit the policy, custom and practice and therefore acquiesced in, and were deliberately indifferent to, the aforementioned unconstitutional conduct and policy.

35.  By failing to take action to stop or limit the policy and/or custom and/or practice by remaining deliberately indifferent to the systematic abuse which occurred in accordance with and as a direct and proximate result of the policy, Defendant Philadelphia condoned, acquiesced in, participated in, and perpetrated the policy in violation of the Plaintiffs' rights under the First, Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

36.  The conduct of Defendant Philadelphia and/or the conduct of defendants' employees or agents, including the Sheriff, and/or policy maker for the Defendant Philadelphia, were a factual cause of and/or the cause of the harm and damages sustained by Plaintiffs. (See above).

**WHEREFORE,** Plaintiffs demands compensatory and punitive damages against Defendants, for such sums as would reasonably and properly compensate them for injuries in an amount in excess of Two Million ($2,000,000.00) Dollars together with delay damages, interest, costs and attorneys' fees.

<u>COUNT III - EXCESSIVE FORCE</u>
<u>42 U.S.C. § 1983</u>
<u>PLAINTIFFS v. DEFENDANTS BARBARA DEELEY, DARYLL STEWART, ED
CHEW, WILLIAM BENGOCHEA, GUERINO BUSILLO, JAMES MCCARRIE,
ANGELLINEL BROWN, PARIS WASHINGTON</u>

Plaintiffs allege each and every allegation contained in paragraphs 1 - 36 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

37. Plaintiffs believe and therefore aver the force used upon them was unnecessary and more force than was reasonable and necessary under the circumstances.

38. Plaintiffs believe and therefore aver that Defendants, acting in concert and conspiracy with each other, have by the aforementioned actions deprived Plaintiffs of their constitutional and statutory rights under the Fourth Amendment.

39. Defendants' actions were a factual cause of and/or caused Plaintiffs' substantial damages and harm. (See above).

**WHEREFORE,** Plaintiffs demands judgment against Defendants for such sums as would reasonably and properly compensate them

for injuries in an amount in excess of Two Million ($2,000,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

<u>COUNT IV - ARREST WITHOUT PROBABLE CAUSE</u>
<u>42 U.S.C. § 1983</u>
<u>PLAINTIFF PORTER v. DEFENDANTS BARBARA DEELEY, DARYLL STEWART,</u>
<u>ED CHEW, WILLIAM BENGOCHEA, GUERINO BUSILLO, JAMES MCCARRIE,</u>
<u>ANGELLINEL BROWN, PARIS WASHINGTON</u>

Plaintiff alleges each and every allegation contained in paragraphs 1 - 39 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

40. Plaintiff believes and therefore avers that he was arrested without probable cause.

41. Plaintiff believes and therefore avers that Defendants, acting in concert and conspiracy with each other, have by the aforementioned actions deprived Plaintiff of his Fourth Amendment, constitutional and statutory rights.

42. Defendants' actions were a factual cause of and/or caused Plaintiff's substantial damages and harm. (See above).

**WHEREFORE,** Plaintiff demands compensatory and punitive damages against Defendants, for such sums as would reasonably and properly compensate him for injuries in an amount in excess of Two Million ($2,000,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

<u>COUNT V – FIRST AMMENDMENT RIGHTS VIOLATION</u>
<u>42 U.S.C. § 1983</u>
<u>PLAINTIFF PORTER v. ALL DEFENDANTS</u>

Plaintiff alleges each and every allegation contained in paragraphs 1 – 42 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

43. Plaintiff believes and therefore avers that his first amendment right to speech was violated by the willful and malicious actions of the Defendants.

44. Plaintiff believes and therefore avers that Defendants, acting in concert and conspiracy with each other, have by the aforementioned actions deprived Plaintiff of his first amendment right to speech.

45. Defendants' actions were a factual cause of and/or caused Plaintiff's substantial damages and harm. (See above).

**WHEREFORE**, Plaintiff demands compensatory and punitive damages against Defendants, for such sums as would reasonably and properly compensate him for injuries in an amount in excess of Two Million ($2,000,000.00) Dollars together with delay damages, interest, costs and attorneys' fees, punitive damages, declaratory and injunctive relief.


<u>COUNT VII - ASSAULT and BATTERY—STATE LAW CLAIM</u>
<u>PLAINTIFFS v. DEFENDANTS BARBARA DEELEY, DARYLL STEWART, ED</u>
<u>CHEW, WILLIAM BENGOCHEA, GUERINO BUSILLO, JAMES MCCARRIE,</u>
<u>ANGELLINEL BROWN, PARIS WASHINGTON</u>

Case ID: 121203214

Plaintiffs alleges each and every allegation contained in paragraphs 1 - 45 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

46. The above-described actions of Defendants constitute a battery because their intentional physical contact of touching the Plaintiffs was harmful and offensive and gave the Plaintiffs reason to fear immediate bodily harm, and, in fact, caused bodily harm.

47. Plaintiffs believe and therefore aver that Defendants, acted willfully and maliciously within the course and scope of their authority, wrongfully and unlawfully assaulted and battered the Plaintiffs, as more particularly described above *supra*.

48. Plaintiffs specifically complain of the conduct Defendants in menacing, threatening, harassing and physically abusing them, all of which placed him in imminent fear of bodily harm.

49. The above-described actions of Defendants placed the Plaintiffs in the reasonable fear of imminent bodily harm and resulted in the Plaintiffs being unlawfully and improperly assaulted against their will.

50. Defendants' malicious, intentional and/or reckless actions were a factual cause of and/or caused Plaintiffs' substantial damages and harm. (See above).

51. The above-described actions of Defendants were so malicious, intentional, and reckless and displayed such a reckless indifference to the Plaintiffs' rights and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiffs demands compensatory and punitive damages against Defendants for the common law tort of assault and battery, for such sums as would reasonably and properly compensate them for injuries in an amount in excess of Two Million ($2,000,000.00) Dollars together with delay damages, interest, costs, and punitive damages.

### COUNT VIII - FALSE ARREST—STATE LAW CLAIM
### PLAINTIFF PORTER v. DEFENDANTS BARBARA DEELEY, DARYLL STEWART, ED CHEW, WILLIAM BENGOCHEA, GUERINO BUSILLO, JAMES MCCARRIE, ANGELLINEL BROWN, PARIS WASHINGTON

Plaintiff alleges each and every allegation contained in paragraphs 1 - 51 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

52. Plaintiff believes and therefore avers that Defendants through their actions, as more fully set forth in the preceding paragraphs of this complaint, did intentionally falsely arrest Plaintiff.

53. The above-described malicious, intentional, willful acts of Defendants were outrageous, atrocious, and completely

intolerable in a civilized society and went beyond all possible bounds of decency.

54. The malicious, intentional and/or reckless actions of Defendants were a factual cause of and/or caused the Plaintiff's injuries and harm that are described above. (See above).

55. The above-described actions of Defendants were so malicious and intentional and displayed such a reckless indifference to the Plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff demands compensatory and punitive damages against Defendants for the common law tort of false arrest, for such sums as would reasonably and properly compensate his for injuries in excess of Two Million ($2,000,000.00) Dollars together with delay damages, interest, costs and punitive damages.

COUNT IX - FALSE IMPRISONMENT—STATE LAW CLAIM
PLAINTIFF PORTER v. DEFENDANTS BARBARA DEELEY, DARYLL STEWART,
ED CHEW, WILLIAM BENGOCHEA, GUERINO BUSILLO, JAMES MCCARRIE,
ANGELLINEL BROWN, PARIS WASHINGTON

Plaintiff alleges each and every allegation contained in paragraphs 1 - 55 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

56.   Plaintiff believes and therefore avers that Defendants through their actions, as more fully set forth in the preceding paragraphs of this complaint, did intentionally falsely imprison Plaintiff.

57.   The above-described malicious, intentional, willful acts of Defendants were outrageous, atrocious, and completely intolerable in a civilized society and went beyond all possible bounds of decency.

58.   The malicious, intentional and/or reckless actions of Defendants were a factual cause of and/or caused the Plaintiff's injuries and harm that are described above. (See above).

59.   The above-described actions of Defendants were so malicious and intentional and displayed such a reckless indifference to the Plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE,** Plaintiff demands compensatory and punitive damages against Defendants for the common law tort of false imprisonment, for such sums as would reasonably and properly compensate his for injuries in excess of Two Million ($2,000,000.00) together with delay damages, interest, costs and punitive damages.


## COUNT X- MALICIOUS PROSECUTION—STATE LAW CLAIM

<u>PLAINTIFF PORTER v. DEFENDANTS BARBARA DEELEY, DARYLL STEWART,
ED CHEW, WILLIAM BENGOCHEA, GUERINO BUSILLO, JAMES MCCARRIE,
ANGELLINEL BROWN, PARIS WASHINGTON</u>

The allegations contained in paragraphs 1-59 above are incorporated by reference as through fully set forth herein.

60. The actions and conduct of defendants alleged above constitute and resulted in the false arrest of Plaintiff under the laws of the Commonwealth of Pennsylvania.

61. The actions and conduct of defendants constitute and resulted in the malicious prosecution of Plaintiff under the laws of the Commonwealth of Pennsylvania.

62. As a direct and proximate result of the Defendants' actions, Plaintiff suffered and continues to suffer physical pain and suffering, serious mental anguish, psychological and emotional distress, fear, anxiety, embarrassment, loss of liberty, confinement, and the loss of the enjoyment of life all to his great detriment and loss.

63. As a direct and proximate result of the aforementioned willful act and conduct of the defendants, Plaintiff has incurred other financial expenses to which he may otherwise be entitled to recover.

**WHEREFORE,** Plaintiff demands compensatory and punitive damages against Defendants, for such sums as would reasonably and properly compensate him for injuries in excess of Two

Million ($2,000,000.00) Dollars together with delay damages, interest, costs and punitive damages

### COUNT XI – CIVIL CONSPIRACY—STATE LAW CLAIM
PLAINTIFFS v. DEFENDANTS BARBARA DEELEY, DARYLL STEWART, ED CHEW, WILLIAM BENGOCHEA, GUERINO BUSILLO, JAMES MCCARRIE, ANGELLINEL BROWN, PARIS WASHINGTON

Plaintiffs alleges each and every allegation contained in paragraphs 1 – 63 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

64. Plaintiffs believe and therefore aver that Defendants, through their willful actions, as more fully set forth in the preceding paragraphs of this Complaint, did intentionally conspire, while acting within the course and scope of their authority, to assault and batter, unlawfully assault, arrest, imprison and maliciously prosecute Plaintiff, which ultimately caused Plaintiff substantial damages and harm.

65. Defendants civil conspiracy for their malicious, intentional and/or reckless actions were a factual cause of and/or caused Plaintiffs' substantial damages and harm. (See above).

WHEREFORE, Plaintiffs demands compensatory and punitive damages against Defendants, for such sums as would reasonably and properly compensate them for injuries in excess of Two

Million ($2,000,000.00) Dollars together with delay damages, interest, costs and punitive damages.


Respectfully submitted,

BY:

LEVIN & ZEIGER, LLP
BY: BRIAN J. ZEIGER
IDENTIFICATION NO.: 87063
123 S. BROAD STREET, SUITE 1200
PHILADELPHIA, PENNSYLVANIA 19109
215.825.5183
zeiger@levinzeiger.com

*ACTION*

**Verification**

We, James Porter & Marilyn Sankowski, hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing ~~document~~ *CIVIL COMPLAINT mfd.* are true and correct to the best of my knowledge, information and belief as received from the Plaintiff. I also understand that the statements are made subject to the penalties of 18 Pa. C.S.A. § 4904, relating to unsworn falsification to authorities.


3/8/13
_____
Date

_____
James Porter


3/20/2013
_____
Date

_____
Marilyn Sankowski

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:   121 Knollwood Lodge Rd, Hot Springs, AR  71913 & 13 S. Four Season Rd., West Palm Beach, FL  33410

Address of Defendant:        Law Department, 1515 Arch Street, 14th Floor, Philadelphia, PA 19102

Place of Accident, Incident or Transaction:        Philadelphia, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)).    Yes ☐        No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐        No ☒
*RELATED CASE IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.   Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐        No ☒

2.   Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes ☐        No ☒

3.   Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes ☐        No ☒

CIVIL: (Place   in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1.   ☐   Indemnity Contract, Marine Contract, and All
2.   ☐   FELA
3.   ☐   Jones Act – Personal Injury
4.   ☐   Antitrust
5.   ☐   Patent
6.   ☐   Labor-Management Relations
7.   ☒   Civil Rights
8.   ☐   Habeas Corpus
9.   ☐   Securities Act(s) Cases
10.  ☐   Social Security Review Cases
11.  ☐   All Other Federal Questions Cases (Please specify)

B. *Diversity Jurisdiction Cases:*

Other  Contracts    1. ☐   Insurance Contract and Other Contracts
2. ☐   Airplane Personal Injury
3. ☐   Assault, Defamation
4. ☐   Marine Personal Injury
5. ☐   Motor Vehicle personal Injury
6. ☐   Other Personal Injury (Please specify)
7. ☐   Products Liability
8. ☐   Products liability - Asbestos
9. ☐   All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I,        Anne B. Taylor        , counsel of record do hereby certify:

☒   Pursuant to Local Rule 53.3 A, civil rights cases are excluded from arbitration.

☐   Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐   Relief other than monetary damages is sought.

DATE: ____4/15/13____   ____Anne B. Taylor____   ____206057____
                        Attorney-at-Law                Attorney I.D. #

**NOTE:**  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ____4/15/13____   _____   ____206057____
                        Anne B. Taylor, Esquire        Attorney I.D. #
                        Attorney-at-Law

CIV. 609 (4/03)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

James Porter & Marilynn Sankowski          **Civil Action**
v.
City of Phila., B. Deeley, D. Stewart, E. Chew, W. Bengochea
G. Busillo, J. McCarrie, A. Brown & P. Washington

No.

## CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255.          (   )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          (   )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.  (   )

(d) Asbestos -- Cases involving claims for personal injury or property damage from
exposure to asbestos.          (   )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)          (   )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.     ( X )

| _____4/15/12_____ | **Anne B. Taylor, Esquire** | _City of Phila., et al._ |
| Date | Attorney-at-law | Attorney for |
| **(215) 683-5447** | **(215) 683-5397** | **anne.taylor@phila.gov** |
| Telephone | FAX Number | E-mail Address |

(Civ. 660) 10/02