IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES PORTER, *et al.*, | : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | No. 13-2008 |
| | : | |
| CITY OF PHILADELPHIA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

MEMORANDUM OF LAW IN SUPPORT OF
ALAN NOCHUMSON'S RESPONSE IN OPPOSITION TO
PLAINTIFF JAMES E. PORTER'S MOTION TO FILE AMENDED COMPLAINT AND ADD
ADDITIONAL DEFENDANTS

Alan Nochumson ("Mr. Nochumson") of Nochumson P.C. hereby submits this Memorandum of Law in support of his Response (the "Response") in opposition to the Motion to File Amended Complaint and Add Additional Defendants (the "Motion") filed by Plaintiff James Porter ("Mr. Porter"). For the reasons set forth herein, the frivolous Motion should be denied in its entirety.

I.  MATTER BEFORE THE COURT

The Motion.

II. STATEMENT OF QUESTIONS INVOLVED

Whether this Court should grant the Motion?

(Proposed Answer: No)

1

III.     FACTUAL BACKGROUND

Sometime in late 2010, Mr. Porter and his wife, Debra Porter ("Mrs. Porter"), contacted Mr. Nochumson seeking legal representation with regards to a lengthy loan dispute/mortgage foreclosure action involving TD Bank, N.A., formerly known as Commerce Bank, N.A. (the "Bank") and a real property located and known as 1039-1055 Frankford Avenue, Philadelphia, Pennsylvania 19125 (the "Property"), that had originally been initiated by the Bank in the Court of Common Pleas of Philadelphia County (the "State Court Action") in February 2007.  *See* the Affidavit of Mr. Nochumson, a true and correct copy of which is attached hereto as Exhibit "A", at ¶ 2.

At that point in the State Court Action, the Bank had obtained a Writ of Execution, seeking to expose the Property to Sheriff's Sale. *See* Exhibit "A" at ¶ 3.  Although both Mr. Porter and Mrs. Porter (collectively the "Porters") sought legal representation, after a thorough investigation into the matter, Mr. Nochumson informed the Porters that Mr. Porter did not have any colorable claims left and that Mr. Nochumson was only willing to represent Mrs. Porter. *See id.* at ¶ 4.  Mrs. Porter's claim was that she held a first priority mortgage lien in the Property, superior to that of the Bank. *See id.* at ¶ 5.

On December 14, 2010, Mr. Nochumson entered his appearance in the State Court Action on behalf of Mrs. Porter only and also filed, on behalf of Mrs. Porter only, an Emergency Petition To Stay Execution By Postponing the Sheriff's Sale Scheduled for January 4, 2011 As To The Property Located At And Known As 1039-1055 Frankford Avenue, Philadelphia, Pennsylvania ("Emergency Petition To Stay Execution"). *See id.* at ¶ 6. *See also* Praecipe for Entry of Appearance and the Civil Docket Report in the State Court Action, true and correct copies of which are attached hereto as Exhibit "B" and "C" respectively.

On the same date, December 14, 2010, Mr. Nochumson initiated a declaratory judgment action in this Court, *Porter v. T.D. Bank, N.A.,* once again, on behalf of <u>Mrs. Porter only</u>, seeking the Court's declaration that Mrs. Porter's mortgage on the Property had priority over that of the Bank. *See* the Civil Docket Report in *Porter v. T.D. Bank, N.A.,* a true and correct copy of which is attached hereto as Exhibit "D". *See also* Exhibit "A" at ¶ 7.

The next day, December 15, 2010, the Court of Common Pleas of Philadelphia County (the "State Court") denied the Emergency Petition To Stay Execution, holding that Mrs. Porter was not a party to the State Court Action and lacked standing to file the said Emergency Petition. *See* Exhibit "A" at ¶ 8 and Exhibit "C".

Later that day, Mr. Nochumson filed a Motion for Reconsideration of the State Court's decision, on behalf of <u>Mrs. Porter only,</u> which was also denied, with the State Court holding that Mrs. Porter only had a subordinate interest which may be protected by paying off prior liens or purchasing the Property at the Sheriff's Sale that was to take place on January 4, 2011. *See* Exhibit "A" at ¶ 9 and Exhibit "C".

On January 3, 2011, only one day prior to the scheduled Sheriff's Sale, Mr. Nochumson filed another Motion for Reconsideration and a Lis Pendens on the Property, <u>on behalf of Mrs. Porter only</u>. *See* Exhibit "A" at ¶ 10 and Exhibit "C".

In the meantime, Mr. Porter repeatedly and in a harassing manner telephoned Mr. Nochumson about the upcoming Sheriff's Sale. *See* Exhibit "A" at ¶ 11. Mr. Nochumson explained to him that he did not represent him and that he only represented Mrs. Porter and, therefore, could not give him legal advice. *See id.* at ¶ 12. Mr. Nochumson also told Mr. Porter that he, Mr. Nochumson, would not attend the Sheriff's Sale. *See id.* at ¶ 13.

3

Moreover, the Sheriff's Office contacted Mr. Nochumson and complained that Mr. Porter was repeatedly stopping by the Sheriff's Office and harassing the deputies and other employees, in the same manner he was harassing Mr. Nochumson. *See id.* at ¶ 14.

At the end of his rope with Mr. Porter's inappropriate behavior and under the duress of his harassment, Mr. Nochumson suggested to him that, in order to potentially preserve Mrs. Porter's interest, Mr. Porter attend the Sheriff's Sale and publicly announce Mrs. Porter's disputed interest in the Property. *See id.* at ¶ 15.

Mr. Nochumson does not have any first-hand knowledge of what actually transpired at the Sheriff's Sale, aside from the fact that Mr. Porter subsequently contacted him and informed him that he had been arrested at the Sheriff's Sale and asked for a referral to a criminal defense attorney. *See id.* at ¶ 16.

At no time did Mr. Nochumson ever represent Mr. Porter in any matter. *See id.* at ¶ 17. *See also* Exhibit "C" and "D" and the Counsel/Parties lists in *Commerce Bank, N.A. v. Porterra, LLC,* 325 EDA 2011 (Pa. Super. Ct.) and *Commerce Bank, N.A. v. Porterra, LLC,* 713 EDA 2011[1] (Pa. Super. Ct.), true and correct copies of which are attached hereto collectively as Exhibit "E".

Moreover, Mr. Nochumson later filed a Motion to Withdraw as counsel for Mrs. Porter in *Porter v. T.D. Bank, N.A.* in this Court as Mr. Porter's harassing behavior was interfering with Mr. Nochumson's representation of Mrs. Porter. *See* Exhibit "D".

The instant matter before this Court was initiated by Mr. Porter and Marilynn Sankowski in the Pennsylvania Court of Common Pleas of Philadelphia County in December 2012 against Defendants City of Philadelphia, Barbara Deeley, Daryll Stewart, Ed Chew, William Bengochea,

---

[1] In *Commerce Bank, N.A. v. Porterra, LLC,* 713 EDA 2011 (Pa. Super. Ct.), Mr. Porter is specifically listed as proceeding *pro se*.

Guerino Busillo, James McCarrie, Angeline Brown and Paris Washington (collectively, the "Original Defendants"). *See* Notice of Removal, a true and correct copy of which is attached hereto as Exhibit "F". The subject matter of the suit revolved around the Original Defendants' conduct during the Sheriff's Sale of January 4, 2011, with Mr. Porter claiming deprivation of his civil rights under 42 U.S.C. § 1983 and also assault and battery, false arrest, false imprisonment, malicious prosecution and civil conspiracy. *See* the Complaint, a true and correct copy of which is attached hereto as Exhibit "G".

On April 16, 2013, the Original Defendants removed the matter to this Court. *See* Exhibit "F".

On April 22, 2013, this Court placed this matter in suspense pending resolution of Mr. Porter's underlying criminal matter.

On February 8, 2017, Mr. Porter's counsel in this action, Brian Zeiger, filed a Motion to Withdraw As Counsel and also a Motion to Remove From Suspense on the basis that the Pennsylvania Supreme Court had denied Mr. Porter's Petition for Allowance of Appeal. The basis of Mr. Zeiger's Motion to Withdraw As Counsel was that he and Mr. Porter have irreconcilable differences as Mr. Porter "insists on amending his complaint to add facts and claims for which counsel can find no factual basis". *See* Mr. Zeiger's Motion To Withdraw, a true and correct copy of which is attached hereto as Exhibit "H".

In his Motion, Mr. Zeiger averred that he "believes that the amendment would be frivolous and collaterally estopped and in violation of Rule 3.1" of the Pennsylvania Rules of Professional Conduct and as such, he has "refused to file an amended complaint, which has caused great discord between Plaintiff Porter and counsel". *See* Exhibit "H".

On March 28, 2017, this Court granted Mr. Zeiger's Motion To Withdraw and Motion To Remove From Suspense. The Court also granted Mr. Porter thirty (30) days to file a Motion To Amend the Complaint.

On May 9, 2017[2], Mr. Porter filed a document which the Civil Docket characterizes as a "Motion to Amend the Complaint", but which is not in compliance with either the Federal Rules of Civil Procedure or Local Rules and actually appears to be the proposed amended Complaint that he wishes to file.

On May 16, 2017, this Court issued an Order, striking the document filed on May 9, 2017 as being not in compliance with the Federal Rules of Civil Procedure and Local Rules. *See* the Order of May 16, 2017, a true and correct copy of which is attached hereto as Exhibit "I". The Court elaborated that the document "consists of over 100 pages of verbose claims, evidentiary documents, etc.". *See* Exhibit "I".

This Court allowed Mr. Porter "one additional 30 day period in which to file a Motion to Amend the Complaint with substantial adherence to the Federal Rules of Civil Procedure and the Local Rules of this Court". *See id.*

This Court also mandated that Mr. Porter file a Memorandum of Law in support of the Motion and if Mr. Porter seeks to add additional defendants, he "must state in the Motion or Memorandum the grounds to do so". *See id.*

On June 19, 2017, more than thirty (30) days after this Court's Order of May 16, 2017, Mr. Porter filed yet another "Motion to File Amended Complaint". Mr. Nochumson was served with a document that began with Mr. Porter's Memorandum of Law, the body of which references his

---

[2] This Court had previously allowed Mr. Porter a ten (10) day extension to file the Motion to Amend the Complaint.

Amended Complaint as being attached as "Exhibit 1". Exhibit 1, in turn, is titled "Motion to File Amended Complaint", but actually appears as if it is the proposed Amended Complaint that Mr. Porter seeks permission to file.[3]

As Mr. Nochumson believes that the "Motion to File Amended Complaint" is actually the Amended Complaint that Mr. Porter requests permission to file, as opposed to a Motion, Mr. Nochumson will only be responding to the content in the Memorandum of Law.[4]

In his Memorandum of Law and its Exhibit "1", Mr. Porter requests permission to, at this late juncture, add Mr. Nochumson, the Bank and two (2) other attorneys, Robert Nemeroff ("Mr. Nemeroff") and Tricia Sadd ("Ms. Sadd") as additional defendants. The 193-paragraph Exhibit 1, which Mr. Nochumson believes is the proposed Amended Complaint, contains allegations against Mr. Nochumson that are without any factual basis and asserts claims against him for "Fraud Based on False Assurances Regarding Security" (Count IX), "Breach of Fiduciary Duty" (Count X) and "Civil Conspiracy" (Count XII).

Mr. Nochumson now files the Response in opposition to the Motion.

IV.  LEGAL ARGUMENT

    A.  The Motion Should Be Denied As Untimely

In the Order of May 16, 2017, docketed on the same date, this Court gave Mr. Porter "one additional 30 day period in which to file a Motion to Amend the Complaint". *See* Exhibit "I". The instant Motion was filed on June 19, 2017, more than 30 days after May 16, 2017, and is, thus, untimely. As such, the Motion should be denied for that reason alone.

---

[3] On the contrary, the Docket entry number 23 begins with the "Motion to File Amended Complaint" followed by the Memorandum of Law.

[4] If this Court concludes that the "Motion to File Amended Complaint" is a proper Motion, and not the proposed Amended Complaint, Mr. Nochumson respectfully requests leave from the Court to respond to the "Motion to File Amended Complaint".

### B. Mr. Porter's Request To Add Mr. Nochumson As Defendant Is Barred By The Statute of Limitations

As discussed above, Mr. Porter brings claims for "Fraud Based on False Assurances Regarding Security", "Breach of Fiduciary Duty" and "Civil Conspiracy" against Mr. Nochumson.

Mr. Nochumson is unaware of any cause of action, either under Pennsylvania or federal law, for "fraud based on false assurances regarding security". Irrespectively, the statute of limitations in Pennsylvania for common law fraud is two (2) years. *See* 42 U.S.C. § 5524(7).

Likewise, the statute of limitations for breach of fiduciary duty is also two (2) years. *See Aquillino v. Philadelphia Catholic Archdiocese,* 884 A.2d 1269, 1275 (Pa. Super. Ct. 2015) (citing 42 U.S.C. § 5524(7)).

A civil conspiracy is a combination of two (2) or more persons conspiring to do an unlawful or criminal act or to do a lawful act by unlawful means or for an unlawful purpose. *See Ammlung v. Chester,* 494 F.2d 811, 814 (3rd Cir. 1974). In *Ammlung,* the Third Circuit stated that the statute of limitations in Pennsylvania for civil conspiracy is the statute of limitations "pertaining to the substantive offense most closely related to that which the defendants were alleged to have conspired to commit". *See id.* Mr. Porter is alleging conspiracy to commit "assault and battery [sic], unlawfully assault, arrest, maliciously prosecute, Commit Fraud and Bid rigging and Collusion", all of which also have a two (2) year statute of limitations. *See* 42 U.S.C. § 5524(1) and (7).

In the instant matter, all causes of action accrued on January 4, 2011, the date of the Sheriff's Sale at which Mr. Porter was arrested, which is now over six (6) years ago. As such, the statute of limitations on the aforementioned causes of action clearly expired on January 4, 2013 and are now time-barred.

Mr. Porter requests that he be allowed to amend his Complaint to join Mr. Nochumson, the Bank, Mr. Nemeroff and Ms. Sadd, not only six (6) years after the incident giving rise to any causes of action, but over four (4) years after he filed his original Complaint in the Court of Common Pleas, Philadelphia County.  Without citing any legal basis, Mr. Porter avers that the Statute of Limitations should "begin from the day this case was taken out of the Stay Status or in the least from the completion date of the conspiracy/collusion between the Defendants, which in this case was when the criminal transcripts became available to the public".

There is simply no basis, legal or factual, to allow Mr. Porter to amend his Complaint or to extend the Statute of Limitations.  Mr. Porter was present at the Sheriff's Sale and privy to all occurrences there, so he could have easily included Mr. Nochumson, the Bank, Mr. Nemeroff and Ms. Sadd in the original Complaint which was filed on March 21, 2013.  Mr. Porter claims that:

> For the following reasons of discovery revealed during the September 2014 criminal trial Judicial District of Pennsylvania CP-51-cr-0001611-2011 and substantiate by the criminal trial transcripts received by March 28, 2017, these individuals/entities colluded or conspired with the Defendants listed on the initial Complaint filed by Plaintiff's former Counsel Brian Zeiger.

Yet, Mr. Porter fails to describe what those "following reasons" are, nor does he provide any proof or documentary evidence to substantiate his frivolous theories of collusion and conspiracy.  Likewise, there is no basis for the Statute of Limitation to begin to run when the transcripts of the criminal trial became public when by his own admission, he was present at his criminal trial and privy to all information disclosed during the course of it.  As such, Mr. Porter could have sought to add Mr. Nochumson and the other defendants immediately after his criminal trial in September 2014, instead of waiting almost three more years to seek to join them.   His claim that the Statute of Limitations should "begin …..in the least from the completion date of the

conspiracy/collusion between the Defendants, which in this case was when the criminal transcripts became available to the public" is completely arbitrary.

In addition to these claims being barred by the applicable Statute of Limitations, Mr. Nochumson would also be highly prejudiced in having to defend these frivolous claims so many years later.

        C.        Mr. Porter Cannot State A Prima Facie Case For Breach Of Fiduciary Duty Against Mr. Nochumson As There Was No Attorney-Client Relationship Between Them

To allege a breach of fiduciary duty, a plaintiff must establish that a fiduciary or confidential relationship existed between him and the defendant. *See Baker v. Family Credit Counseling Corp.,* 440 F.Supp.2d 392, 414 (E.D. Pa. 2006).

At all relevant times hereto, Mr. Nochumson represented Mrs. Porter, not Mr. Porter. *See* Exhibits "A", "B", "C", "D" and "E". Mr. Nochumson has never represented Mr. Porter and, as such, did not owe him any duty of care or fiduciary duty. Mr. Porter has not even pled the existence of an attorney-client relationship between him and Mr. Nochumson.[5]

Consequently, as there was never an attorney-client or other fiduciary or confidential relationship between Mr. Porter and Mr. Nochumson, Mr. Porter will not be able to state a prima facie case for Breach of Fiduciary Duty against Mr. Nochumson.

---

[5] Mr. Nochumson believes that Mr. Porter is fully aware that there was no attorney-client relationship between the two of them as in the proposed Amended Complaint, Mr. Porter included Mrs. Porter in the caption of the proposed Amended Complaint and sometimes alludes to "Plaintiffs" in relation to his claims against Mr. Nochumson. Mr. Nochumson has never represented either Mr. Porter or the only other plaintiff in this matter, Marilynn J. Sankowski. Mrs. Porter is not and has never been a party to the instant action, and Mr. Porter has never sought to join her as an additional plaintiff. To the extent that he included her in the caption or references her in the body of the proposed Amended Complaint as a party, such action is improper and should be disregarded as such.

      D.      **Mr. Porter Has Offered No Factual Or Legal Support For His Claims Against Mr. Nochumson**

Mr. Porter brings claims for "Fraud Based on False Assurances Regarding Security", "Breach of Fiduciary Duty" and "Civil Conspiracy" against Mr. Nochumson.

Mr. Porter has not offered any legal support for any cause of action titled "Fraud Based on False Assurances Regarding Security" and Mr. Nochumson is not aware of any such cause of action under either Pennsylvania or federal law. Moreover, the claim that Mr. Nochumson gave Mr. Porter "assurances" regarding his security is ludicrous as Mr. Nochumson could not possibly control the actions of the Philadelphia Sheriff's Department, nor was Mr. Nochumson aware that announcements are not allowed at Sheriff's Sales, as Mr. Porter alleges.

As discussed previously, Mr. Porter's claim for Breach of Fiduciary Duty is unsustainable as there was no attorney-client relationship between Mr. Porter and Mr. Nochumson. Furthermore, Mr. Nochumson was never planning to attend the Sheriff's Sale and did not have any obligations to do so. Even if he had, he could not possibly control the actions of the Philadelphia Sheriff's Department and, thus, could not have assured Mr. Porter's safety.

As to "Civil Conspiracy", Mr. Porter has offered absolutely no factual basis for this cause of action or what would motivate three officers of the Court, namely Mr. Nochumson, Mr. Nemeroff and Ms. Sadd, to "conspire" for Mr. Porter to be allegedly assaulted and/or arrested at the Sheriff's Sale.

Last, but certainly not least, another officer of the Court and Mr. Porter's prior attorney, Mr. Zeiger, averred to the Court in his Motion to Withdraw As Counsel that Mr. Porter's request to amend his Complaint was frivolous. *See* Exhibit "H".

V.	RELIEF REQUESTED

For all the stated reasons, Mr. Nochumson respectfully requests that this Court deny the Motion in its entirety and assess his fees for having to respond to this frivolous Motion against Mr. Porter.

        Respectfully submitted,

        NOCHUMSON P.C.


        By: /s/ Natalie Klyashtorny
            NATALIE KLYASHTORNY
            natalie.klyashtorny@nochumson.com (e-mail)
            Nochumson P.C.
            123 South Broad Street
            Suite 1600
            Philadelphia, PA 19109
            (215) 399-1346 (telephone)
            (215) 399-1347 (facsimile)

        Attorney for Alan Nochumson

Dated:  June 30, 2017