IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JAMES PORTER and MARILYNN SANKOWSKI | CIVIL ACTION |
|---|---|
| v. | NO. 13-2008 |
| CITY OF PHILADELPHIA, et al. | |

## MEMORANDUM RE: MOTION FOR RECONSIDERATION

Following the Court's Order denying leave to amend the Complaint (ECF 27), pro se Plaintiff James Porter filed the instant motion, entitled "Motion for Reconsideration" (ECF 28), which might be more aptly described as another motion seeking leave to amend the Complaint. To this motion Porter attached yet another proposed amended complaint. The proposed amended complaint attached to the Motion for Reconsideration sought to add three attorneys as defendants, and alleged that those attorneys colluded to entrap him by encouraging him to make an announcement at a Sheriff's sale that occurred on January 4, 2011 and setting him up for arrest. Porter also sought to add claims for breach of fiduciary duty and "collusion." Elsewhere, he alleges that the conspiracy extended to a lengthy delay of his trial in state court (Id. ¶ 38).

**Legal Standard**

A. **Motion for Reconsideration**

The Court may grant a motion for reconsideration only when a party establishes one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion … or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Plaintiff has not shown a change in law, newly discovered evidence, or that manifest injustice would result from denying the motion.

1

Plaintiff's allegation of error by the Court regarding the timeliness of an earlier filing does not rise to the level of a clear error of fact necessitating the granting of his motion, as the previous attempt to amend the complaint was denied on other grounds.

**B. Amendments of Pleadings**

A party may amend its complaint with leave of court, which should be "freely give[n]…when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a court may deny leave to amend in cases of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Shine v. Bayonne Bd. of Educ., 633 F. App'x 820, 822 (3d Cir. 2015) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). Whether to grant a motion for leave to amend a complaint is within the "sound discretion of the district court." Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272 (3d Cir. 2001).

However, the Court has already rejected two of Plaintiff's proposed amended complaints on the grounds that they are unduly lengthy and confusing, and do not conform to the Federal Rules of Civil Procedure (ECF 21, 27). The current proposed amended complaint represents at best only marginal improvement. Moreover, the Court made clear at the hearing on October 10, 2017 and in its subsequent Order (ECF 41) that "the case has been limited to the events that took place at the Sheriff's sale." (Id. ¶ 3). The Court ruled, as it had previously, that "the gravamen of the pretrial proceedings in this case will be limited to the events that took place on the date of the Sheriff's sale, and specifically concerning Mr. Porter's claims of excessive force, and denial of his first amendment rights of free speech." (Id. ¶ 2). Because the case has been so limited, any attempt to expand Plaintiff's claims beyond the events of January 4, 2011, as the proposed

amended complaint attached to the Motion for Reconsideration (ECF 28) seeks to do, is **DENIED**.

An appropriate order follows.

O:\CIVIL 13\13-2008 porter et al v. city phila et al\13cv2008 memo re motion for reconsideration.doc