# IN THE UNITED STATES DISTRICT COURT
# THE UNTIED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES PORTER, et al. | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 13-2008 |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |
| Defendants. | : | |

## PROPOSED POINTS FOR CHARGE

Ms. Marilynn Sankowski files the following proposed points for charge by and through her counsel, Brian J. Zeiger, Esquire, as follows[1]:

## INTRODUCTION

Marilynn Sankowski is suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional and statutory rights under color of state law.

---

[1] Third Circuit Court of Appeal suggested jury instructions
http://www.ca3.uscourts.gov/civiljuryinstructions/toc_and_instructions.htm .

1

## BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE[2]

This is a civil case. Marilynn Sankowski is the party who brought this lawsuit. Ed Chew is the party against whom the lawsuit was filed. Marilynn Sankowski has the burden of proving her case by what is called the preponderance of the evidence. That means Marilynn Sankowski has to prove to you, in light of all the evidence, that what she claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Marilynn Sankowski and the evidence favorable to Ed Chew on opposite sides of the scales, Marilynn Sankowski would have to make the scales tip somewhat on her side. If Marilynn Sankowski fails to meet this burden, the verdict must be for Ed Chew. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

[IF NECESSARY REGARDING AFFIRMATIVE DEFENSES] On certain issues, called affirmative defenses, Ed Chew has the burden of proving the elements of the defense by a preponderance of the evidence. I will instruct you on the facts that will be necessary for you to

---

[2] Third Circuit Court of Appeal suggested Section 1983 jury instruction 4.2, referring to Third Circuit Court of Appeal suggested general jury instruction in civil actions 1.10.

The plaintiff bears the burden of proof on the elements of a Section 1983 claim. *See, e.g., Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

2

find on this affirmative defense. An affirmative defense is proven if you find, after considering all evidence in the case, that Ed Chew has succeeded in proving that the required facts are more likely so than not so.

## NUMBER OF WITNESSES[3]

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

---

[3] Third Circuit Court of Appeal suggested standard jury instruction in civil cases 3.2.

4

## SECTION 1983 – ELEMENTS OF CLAIM[4]

Marilynn Sankowski must prove both of the following elements by a preponderance of the evidence:

> First: Ed Chew acted under color of state law.
>
> Second: While acting under color of state law, Ed Chew deprived Marilynn Sankowski of a federal constitutional right or statutory right.

I will now give you more details on action under color of state law, after which I will tell you the elements Marilynn Sankowski must prove to establish the violation of her federal constitutional and statutory right.

---

[4] Third Circuit Court of Appeal suggested Section 1983 jury instruction 4.3.

"By the plain terms of § 1983, two–and only two–allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see also, e.g., Groman v. Township of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) ("A prima facie case under § 1983 requires a plaintiff to demonstrate: (1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law.").

5

## SECTION 1983 – ACTING UNDER COLOR OF STATE LAW – ACTION UNDER COLOR OF STATE LAW IS NOT IN DISPUTE[5]

Because Ed Chew was an official of the Commonwealth of Pennsylvania, City of Philadelphia, at the relevant time, I instruct you that he was acting under color of state law. In other words, this element of Marilynn Sankowski's claim is not in dispute, and you must find that this element has been established.

---

[5] Third Circuit Court of Appeal suggested Section 1983 jury instruction 4.4.1.

"[C]onduct satisfying the state-action requirement of the Fourteenth Amendment satisfies [Section 1983's] requirement of action under color of state law." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 n.18 (1982); *See also Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 n.2 (2001) ("If a defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, the conduct also constitutes action 'under color of state law' for § 1983 purposes.").

6

## SECTION 1983 – DEPRIVATION OF A FEDERAL RIGHT[6]

Marilynn Sankowski is asserting the following deprivations of federal rights. ~~I will read you longer explanations of each right after giving you the list of all of the rights she is saying were deprived:~~[7]

- Free from being subject to excessive force while being ~~arrested or~~ stopped by the police

---

[6] Third Circuit Court of Appeal suggested Section 1983 jury instruction 4.5.

Citation provided for each deprivation *infra*.

[7] Strikethrough provided for the Court to see the model charge and the modification by counsel.

7

## SECTION 1983 – EXCESSIVE FORCE (INCLUDING DEADLY FORCE) – STOP, ARREST, OR OTHER "SEIZURE"[8]

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being ~~arrested or~~ stopped by police. In other words, a law enforcement official may only use the amount of force necessary under the circumstances to ~~make the arrest~~ or to conduct the stop. Every person has the constitutional right not to be

---

[8] Third Circuit Court of Appeal suggested Section 1983 jury instruction 4.9.

Claims of "excessive force in the course of making an arrest, investigatory stop, or other 'seizure'" are analyzed under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 388 (1989).

The Fourth Amendment excessive force standard attaches at the point of a "seizure." *See Abraham v. Raso*, 183 F.3d 279, 288 (3d Cir. 1999) ("To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable."). A "seizure" occurs when a government official has, "by means of physical force or show of authority, . . . in some way restrained [the person's] liberty." *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968); *see also Brower v. County of Inyo*, 489 U.S. 593, 596 (1989); *Berg v. County of Allegheny*, 219 F.3d 261, 269 (3d Cir. 2000) (per curiam) ("A person is seized for Fourth Amendment purposes only if he is detained by means intentionally applied to terminate his freedom of movement.").

The Fourth Amendment excessive force standard continues to apply during the process of the arrest. In *United States v. Johnstone*, the court held that a Fourth Amendment excessive force instruction was proper where "the excessive force committed by Johnstone took place *during* the arrests of Sudziarski, Perez, and Blevins, even if those victims were in handcuffs." *United States v. Johnstone*, 107 F.3d 200, 205 (3d Cir. 1997). As the *Johnstone* Court explained,

> a 'seizure' can be a process, a kind of continuum, and is not necessarily a discrete moment of initial restraint. *Graham* shows us that a citizen can remain "free" for Fourth Amendment purposes for some time after he or she is stopped by police and even handcuffed. Hence, pre-trial detention does not necessarily begin the moment that a suspect is not free to leave; rather, the seizure can continue and the Fourth Amendment protection against unreasonable seizures can apply beyond that point.

*Johnstone*, 107 F.3d at 206-07; (holding that "Johnstone's assault on Perez in the police station garage, after he had been transported from the scene of the initial beating ... also occurred during the course of Perez's arrest").

8

subjected to excessive force while being ~~arrested or~~ stopped by police, even if the ~~arrest or~~ stop is otherwise proper.

In this case, Marilynn Sankowski claims that Ed Chew used excessive force when he stopped her. In order to establish that Ed Chew used excessive force, Marilynn Sankowski must prove both of the following by a preponderance of the evidence:

> First: Ed Chew intentionally committed certain acts.

> Second: Those acts violated Marilynn Sankowski's Fourth Amendment right to be free from excessive force.

In determining whether Ed Chew's acts constituted excessive force, you must ask whether the amount of force Ed Chew used was the amount which a reasonable officer would have used ~~in making the arrest or~~ conducting the stop under similar circumstances. You should consider all the relevant facts and circumstances leading up to the time of the ~~arrest and/or~~ stop that Ed Chew reasonably believed to be true at the time of the ~~arrest and/or~~ stop. You should consider those facts and circumstances in order to assess whether there was a need for the application of force, and the relationship between that need for force, if any, and the amount of force applied. The circumstances relevant to this assessment can include:

- that no crime occurred; i.e. that Marilynn Sankowski was never arrested or charged with any crime;
- whether Marilynn Sankowski posed an immediate threat to the safety to Ed Chew or others;

9

- whether Marilynn Sankowski was actively resisting arrest or attempting to evade arrest by flight;
- the duration of Ed Chew's action;
- the number of persons with whom Ed Chew had to contend; and
- whether the physical force applied was of such an extent as to lead to unnecessary injury.
- whether Ed Chew was allowed to use any force.

The reasonableness of Ed Chew's acts must be judged from the perspective of a reasonable officer on the scene. The law permits the officer to use only that degree of force necessary to make the arrest or conduct the stop.[9] [However, you may consider that Ed Chew was not an officer at the time, and that he was not authorized to use any force whatsoever.]

As I told you earlier, Marilynn Sankowski must prove Ed Chew intended to commit the acts in question; but apart from that requirement, Ed Chew's actual motivation is irrelevant. If the force Ed Chew used was unreasonable, it does not matter whether Ed Chew had good motivations. And an officer's improper motive will not establish excessive force if the force used was objectively reasonable.

What matters is whether Ed Chew's acts were objectively reasonable in light of the facts and circumstances confronting the defendant.

---

[9] Plaintiff Sankowski requests a different language from the model charge in this section. Based on the testimony from the depositions, Mr. Chew was not authorized to use any force on anyone. Accordingly, Plaintiff Sankowski asks this Court to modify the language in this section depending on the evidence at the close of the case.

10

## SECTION 1983 – DAMAGES – COMPENSATORY DAMAGES[10]

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not Ed Chew should be held liable.

If you find Ed Chew liable, then you must consider the issue of compensatory damages. You must award Marilynn Sankowski an amount that will fairly compensate her for any injury she actually sustained as a result of Ed Chew conduct.

Marilynn Sankowski must show that the injury would not have occurred without an act or omission by the Ed Chew. Marilynn Sankowski must also that such act or omission played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of the act or omission. There can be more than one cause of an injury. To find that the Ed Chew's act or omission caused Marilynn Sankowski's injury, you need not find that the act or omission was the nearest cause, either in time or space. However, if Marilynn Sankowski's injury was caused by a later, independent event that intervened between

---

[10] Third Circuit Court of Appeal suggested Section 1983 jury instruction 4.8.1.

"[W]hen § 1983 plaintiffs seek damages for violations of constitutional rights, the level of damages is ordinarily determined according to principles derived from the common law of torts." *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 306 (1986); *see also Allah v. Al-Hafeez*, 226 F.3d 247, 250 (3d Cir. 2000) ("It is well settled that compensatory damages under § 1983 are governed by general tort-law compensation theory.").

"[A] Section 1983 plaintiff must demonstrate that the defendant's actions were the proximate cause of the violation of his federally protected right." *Rivas v. City of Passaic*, 365 F.3d 181, 193 (3d Cir. 2004) (discussing defendants' contentions that their conduct did not "proximately cause[] [the decedent's] death"). The requirement is broadly equivalent to the tort law's concept of proximate cause. *See, e.g., Hedges v. Musco*, 204 F.3d 109, 121 (3d Cir. 2000) ("It is axiomatic that '[a] § 1983 action, like its state tort analogs, employs the principle of proximate causation.'" (quoting *Townes v. City of New York*, 176 F.3d 138, 146 (2d Cir. 1999))).

11

the Ed Chew's act or omission and Marilynn Sankowski's injury. The Defendant is not liable unless the injury was reasonably foreseeable.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. Marilynn Sankowski has the burden of proving compensatory damages by a preponderance of the evidence.

Marilynn Sankowski claims only the following items of damages:

- Physical harm to Marilynn Sankowski during and after the events at issue, including ill health, physical pain, disability, disfigurement, and/or discomfort, and any such physical harm that Marilynn Sankowski is reasonably certain to experience in the future. In assessing such harm, you should consider the nature and extent of the injury and whether the injury is temporary or permanent.
- Economic Damaages. Marilynn Sankowski has established her economic damages of $7,962.89. You may consider this figure in assessing economic damages.

# PREEXISTING CONDITION OR INJURY[11] [12]

Damages should be awarded for all injuries caused by the Defendant Chew even if:

1. the injuries caused by the occurrence were more severe than could have been foreseen because of the plaintiff's prior physical condition; or

2. a preexisting medical condition was aggravated by the occurrence.

If you find that the plaintiff did have a preexisting condition that was aggravated by the defendant's negligence, the defendant is responsible for any aggravation caused by the occurrence.

I remind you that the defendant can be held responsible only for those injuries or the aggravation of a prior injury or condition that you find was factually caused by the occurrence.

---

[11] The Third Circuit does not have a preexisting condition or injury charge. Accordingly, this section is from the Pennsylvania suggested charge.

[12] § 7.70 (2013) Pennsylvania Suggested Standard Civil Jury Instructions, Fourth Edition, 2017 Supplement, § 7.70 (2013).

SUBCOMMITTEE NOTE

The above instruction is supported by Restatement (Second) of Torts, section 461, and the cases of *Offensend v. Atlantic Refining Co.*, 185 A. 745 (Pa. 1936); *Boushell v. J.H. Beers, Inc.*, 258 A.2d 682 (Pa.Super. 1969); and *Cingota v. Milliken*, 428 A.2d 600 (Pa.Super. 1981). It is firmly established in Pennsylvania that the tortfeasor takes the plaintiff as the tortfeasor finds him or her. A wrongdoer is liable for all harm caused by his or her negligent act, though increased by an unknown physical condition that could not have been discovered or anticipated prior to the wrongdoing. *Offensend v. Atlantic Ref. Co.*, 185 A. 745 (Pa. 1936).

Frequently, a plaintiff's injuries are superimposed upon a preexisting condition. Evidence of an aggravation of a preexisting condition is always admissible through expert testimony, and the defendant is liable for the full extent of the damage he or she has inflicted even if it is greater than he or she could have foreseen. *Tabor v. Miller*, 389 F.2d 645 (3d Cir. 1968), cert. denied, 391 U.S. 915 (1968); *Fretts v. Pavetti*, 422 A.2d 881 (Pa.Super. 1980); *Wood v. Lit Bros.*, 94 A.2d 69 (Pa.Super. 1953). See *Montgomery v. BazazSehgal*, 798 A.2d 742 (Pa. 2002).

13

## SECTION 1983 – DAMAGES – PUNITIVE DAMAGES[13]

In addition to compensatory, you may consider awarding Marilynn Sankowski punitive damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future.

You may only award punitive damages if you find that Ed Chew acted maliciously or wantonly in violating Marilynn Sankowski's federally protected rights.

- A violation is malicious if it was prompted by ill will or spite towards Marilynn Sankowski. A defendant is malicious when he consciously desires to violate federal rights of which he is aware, or when he consciously desires to injure Marilynn Sankowski in a manner he knows to be unlawful. A conscious desire to perform the physical acts that caused the injury, or to fail to undertake certain acts, does not by itself establish that a defendant had a conscious desire to violate rights or injure plaintiff unlawfully.

---

[13] Third Circuit Court of Appeal suggested Section 1983 jury instruction 4.8.3.

Punitive damages are not available against municipalities. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

"The purpose of punitive damages is to punish the defendant for his willful or malicious conduct and to deter others from similar behavior." *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 306 n.9 (1986). "A jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). "While the *Smith* Court determined that it was unnecessary to show actual malice to qualify for a punitive award . . . , its intent standard, at a minimum, required recklessness in its subjective form. The Court referred to a 'subjective consciousness' of a risk of injury or illegality and a 'criminal indifference to civil obligations.'" *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 536 (1999) (discussing *Smith* in the context of a Title VII case).

14

- A violation is wanton if the person committing the violation recklessly or callously disregarded Marilynn Sankowski's rights.

If you find that it is more likely that not that the of the defendant acted maliciously or wantonly in violating Marilynn Sankowski's federal rights, then you may award punitive damages against that defendant. However, an award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them. I will now discuss some considerations that should guide your exercise of this discretion. But remember that you cannot award punitive damages unless you have found that Ed Chew acted maliciously or wantonly in violating Marilynn Sankowski's federal rights.

If you have found that any of the defendants acted maliciously or wantonly in violating Marilynn Sankowski's federal rights, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a malicious or wanton violation of the plaintiff's federal rights, or to deter the defendant and others like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish the defendants. You should also consider whether actual damages standing alone are sufficient to deter or prevent the defendants from again performing any wrongful acts they may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter other persons from performing wrongful acts similar to those Ed Chew may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the

15

amount of punitive damages, you should consider the degree to which Ed Chew should be punished for his wrongful conduct toward Marilynn Sankowski, and the degree to which an award of one sum or another will deter the defendants or others from committing similar wrongful acts in the future.

In considering the purposes of punishment and deterrence, you should consider the nature of the defendant's action. For example, you are entitled to consider whether a defendant's act was violent or non-violent; whether the defendant's act posed a risk to health or safety; whether the defendant acted in a deliberate deceptive manner; and whether the defendant engaged in repeated misconduct, or a single act.

You should also consider the amount of harm actually caused by the defendant's acts, as well as the harm such acts could have caused and the harm that could result if such acts are not deterred.

# DELIBERATIONS[14]

When you retire to the jury room to deliberate, you may take with you these instructions, your notes, and the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court. You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way. As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence

---

[14] Third Circuit Court of Appeal suggested jury instructions for deliberations in civil actions. http://www.ca3.uscourts.gov/civiljuryinstructions/toc_and_instructions.htm .

17

just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, smart phone, Blackberries or iPhones, or computer of any kind; the internet, any internet service, or any text or instant messaging service like Twitter; or any internet chat room, blog, website, or social networking service such as Facebook, MySpace, LinkedIn, or YouTube, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished. Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct

you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.

Dated: 3/12/2018

Respectfully Submitted,

LEVIN & ZEIGER LLP
BY:   BRIAN J. ZEIGER, ESQ.
IDENTIFICATION No.: 87063
zeiger@levinzeiger.com
1500 JFK BLVD.
SUITE 620
PHILADELPHIA, PA 19109
(215) 825-5183
zeiger@levinzeiger.com

IN THE UNTIED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES PORTER, et al.** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **No. 13-2008** |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| **Defendants.** | : | |
| | : | |

PROOF OF SERVICE

Counsel for Plaintiff, Brian J. Zeiger, Esquire, hereby certifies that he is sending a true and correct copy of the attached to opposing counsel:

Shannon Zabel, Esquire *via email and ecf*
Armando Brigandi, Esquire *via email and ecf,*

and

James Porter
121 Knollwood Lodge Rd.
Hot Springs, AR 71913

Respectfully Submitted,

Dated: 3/12/2018

LEVIN & ZEIGER LLP
BY: BRIAN J. ZEIGER, ESQ.
IDENTIFICATION No.: 87063
zeiger@levinzeiger.com
1500 JFK BLVD.
SUITE 620
PHILADELPHIA, PA 19109
(215) 825-5183
zeiger@levinzeiger.com