**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES PORTER, et al.,** | : | |
| **Plaintiffs,** | : | |
| | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 13-2008** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |

## DEFENDANTS' PROPOSED CIVIL JURY INSTRUCTIONS

Defendants, the City of Philadelphia, Barbara Deeley, Daryll Stewart, Ed Chew, William Bengochea, Guerino Busillo, James McCarrie, Angelinel Brown, and Paris Washington, by and through their attorneys, hereby submit the following proposed jury instructions pursuant to this Court's Order and procedures.

## I.      FAMILIAR POINTS OF LAW

Defendants request instructions on the following "familiar" points of law.

Credibility of Witnesses – Right to Disregard Testimony

Credibility of Witnesses – Inconsistent Statements

Credibility of Witnesses – Discrepancies in Testimony

Evidence

Preponderance of the Evidence

False in One, False in All

Number of Witnesses

Province of the Jury

Function of the Court

## II.     SUBSTANTIVE POINTS OF LAW UNDER SECTION 1983

Defendants hereby submit the following Proposed Jury Instructions:

1

**Third Circuit Model Jury Instructions**

4.1     Section 1983 Introductory Instruction

4.2     Section 1983 – Burden of Proof

4.3     Section 1983 – Elements of Claim

4.4     Section 1983 – Action under Color of State Law

      4.4.1   Section 1983 – Action under Color of State Law Is Not in Dispute

4.5     Section 1983 – Deprivation of a Federal Right

4.9     Excessive Force, Seizure (as to James Porter's claim of excessive force)

4.8     Section 1983 – Damages

      4.8.1   Compensatory Damages

      4.8.2   Nominal Damages

## FOURTEENTH AMENDMENT CLAIM

**Fourteenth Amendment Excessive Force**

Plaintiff Marilynn Sankowski has brought a 14th Amendment substantive due process claim for excessive force claim against Ed Chew.  The 14th Amendment is intended to protect individuals from arbitrary action on the part of government officials.  In order to hold Ed Chew liable under §1983 for a 14th Amendment violation, plaintiff Marilynn Sankowski must prove that Ed Chew's conduct was conscience shocking.

In order for you to find that the conduct of Ed Chew was conscience-shocking, Marilynn Sankowski must prove, by a preponderance of the evidence, that Ed Chew acted with the intent to harm her or to worsen her plight.

*County of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998); *Miller v. City of Philadelphia*, 174 F.3d 368 (3d Cir. 1999); *see also Gottlieb v. Laurel Highlands School District,* 272 F.3d 168, 172 (3d Cir. 2001).

You should consider the following factors in deciding whether Ed Chew's actions shock the conscience: "the need for the application of force, the relationship between the need and the amount of force that was used, the extent of the injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Gottlieb*, 272 F.3d at 172-73, quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.1973) (evaluating a pretrial detainee's claim of excessive force under the substantive due process clause rather than the Fourth or Eighth Amendments).

A "serious" injury is not required to uphold a constitutional claim but does weigh in the plaintiff's favor. *Wentworth v. Trego*, 2008 WL 2265275, at *4 (E.D. Pa. May 30, 2008) (citing *Jones v. Witinski*, 931 F. Supp. 364, 368 (M.D.Pa.1996) (surveying cases and noting that a single slap, a repeated spanking that left a student "severely bruised," and pricking a student with a straight pin were not injuries that sustained a constitutional violation, but injuries requiring spinal surgery and permanent disabilities, a beating that required hospitalization for trauma to soft tissue, repeated blows that resulted in bleeding, a welt, and permanent scarring, and throwing a student against a wall and slapping her met the constitutional threshold).

To be malicious and sadistic, Ed Chew's actions must be "more than a merely careless or unwise excess of zeal" and he must have intended the harm. *Gottlieb*, 272 F.3d at 173.

## FIRST AMENDMENT CLAIM

**First Amendment Claim**

The First Amendment mandates that no State shall deprive any person the right to free speech.

U.S. Const. Amend. I

**First Amendment Rights Are Not Absolute**

      "The principles of the First Amendment are not to be treated as a promise that everyone with opinions or beliefs to express may gather around … at any public place and at any time a group for discussion or instruction."  *Poulos v. New Hampshire*, 345 U.S. 395 (1953).  Even though First Amendment rights are to be guarded, they may still be regulated by the state.  "The rights of free speech and assembly, while fundamental in our democratic society, still do not mean that everyone with opinions or beliefs to express may address a group at any public place and at any time.  The constitutional guarantee of liberty implies the existence of an organized society maintaining public order, without which liberty itself would be lost in the excesses of anarchy."  *Cox v. Louisiana*, 379 U.S. 536, 554 (1965).

**First Amendment – Preservation of the Peace**

The law allows for the reasonable regulation of First Amendment rights by governmental authority that preserves peace, order and tranquility.  The government has a strong stake in preserving the peace, protecting its citizens and maintaining public safety.  *New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1363 (2d Cir. 1989); *Northeast Women's Center, Inc. v. McMonagle,* 745 F. Supp. 1082, 1089-1090 (E. D. Pa. 1990).   Regulations designed to preserve the peace and to maintain public safety do not violate the First Amendment guarantees of free speech, press and the exercise of religion.  *See Poulos v. New Hampshire*, 345 U.S. 395, 405 (1953); *Cox v. Louisiana*, 379 U.S. 536, 554 (1965).

**First Amendment – Retaliation Under Section 1983**

In order for Plaintiff James Porter to recover for First Amendment retaliation under §1983 against Defendants, Plaintiff must prove by a preponderance of the evidence that: "(1) that [he] engaged in a protected activity, (2) that [Individual Defendants'] retaliatory action was sufficient to deter a person of ordinary firmness from exercising his or her rights, and (3) that there was a causal connection between the protected activity and the retaliatory action*." Lauren W. ex rel Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007).

To constitute protected speech, the speech must relate to matters of public concern. A person's speech only addresses a matter of public concern when it can be "fairly considered as relating to any matter of political, social, or other concern to the community." *Connick v. Myers,* 461 U.S. 138, 146 (1983).

A defendant may defeat a claim of retaliation by showing that he would have done whatever he did, when confronted by the plaintiff's challenge, whether the plaintiff's activity was protected or not. *Ambrose v. Twp. of Robinson*, 303 F.3d 488, 493 (3d Cir.2002).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES PORTER, et al., | : | |
| Plaintiffs, | : | |
| | : | **Civil Action** |
| v. | : | **No. 13-2008** |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Shannon Zabel, Esquire, Attorney for the Defendants in the above-captioned matter, certify that the foregoing Proposed Jury Instructions were filed this day via the Court's ECF system and is available for viewing and downloading by all parties and counsel of record:

> Brian J. Zeiger, Esq. (counsel for Plaintiff, Marilynn Sankowski) (*via ECF*)
> Levin & Zeiger, LLP
> Two Penn Center, Suite 620
> 1500 John F. Kennedy Blvd.
> Philadelphia, PA 19102
>
> James E. Porter (pro se) (*via email*)
> porterbuilt@aol.com
> 121 Knollwood Lodge Rd.
> Hot Springs, AR. 71913

Respectfully Submitted,


Date: <u>March 26, 2018</u>

/s/ Shannon Zabel
Shannon Zabel
Assistant City Solicitor
Attorney Identification No. 321222
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5114